IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John Doe, | C/A No. 3:18-161-TLW-PJG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| University of South Carolina; Harris Pastides; Alisa Leggett; Carl Wells; Dennis Pruitt, | |
| Defendants. | |

The plaintiff, John Doe, filed this civil rights action on January 19, 2018. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Doe's Motion for Emergency Temporary Restraining Order and/or Preliminary Injunction. (ECF No. 4.)

Doe alleges he is a citizen of Iran currently admitted to the United States pursuant to a student F-1 non-immigrant visa to attend the University of South Carolina ("the University"). (Mot. for TRO ¶¶ 2-3, ECF No. 4. at 1.) Doe alleges his legal status is linked to his matriculation at the University, and if he is no longer enrolled, he will be subject to deportation by the United States. (Id.)

In his Complaint, Doe alleges he was suspended from the University on January 17, 2018 as a result of disciplinary violations. (Compl. ¶ 98, ECF No. 1 at 22.) Doe asserts that the disciplinary hearing process violated Doe's rights under federal and state law, and he seeks injunctive relief and damages.

Doe claims that in the event of his suspension from the University, the University is required to report the suspension to the Immigration and Customs Enforcement of the Department of Homeland Security. (Mot. for TRO. ¶¶ 4-11, ECF No. 4 at 2-4.) Doe has filed an *ex parte* motion for a temporary restraining order, seeking to stay the University's suspension of Doe and other sanctions against him. Doe also seeks to enjoin the University from reporting Doe's suspended status to the Department of Homeland Security. (Id., ECF No. 4 at 4.)

A temporary restraining order should be restricted to serving the underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer. Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974). Federal Rule of Civil Procedure 65 provides that a court may issue a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "The order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction and may be issued with or without notice to the adverse party." 11A Charles Allen Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2951 (3d ed.).

Here, the court finds Doe fails to show that immediate and irreparable injury, loss, or damage will result before the defendants have an opportunity to be heard on this matter. Doe alleges only that the University can now report his suspension and that the Department of Homeland Security *may*

decide to institute deportation proceedings against Doe. Thus, Doe fails to satisfy the immediacy requirement in Rule 65(b)(1). See Direx Israel, Ltd. v. Breakthrough Med. Crop., 952 F.2d 802, 812 (4th Cir. 1991) ("[T]he required 'irreparable harm' must be 'neither remote nor speculative, but actual and imminent.' ") (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989)). Accordingly, Doe has failed to meet Rule 65(b)'s standard for the issuance of a temporary restraining order without notice. Thus, to the extent his motion seeks an *ex parte* restraining order, it should be denied.[1]

## RECOMMENDATION

The court recommends that, to the extent it seeks an *ex parte* temporary restraining order under Rule 65(b), the plaintiff's motion be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 22, 2018
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] The court notes that it makes no findings as to the merits of Doe's underlying request for injunctive relief, and Doe's request for a preliminary injunction, which requires notice to the adverse party, remains unaddressed in this matter. By contemporaneous order, the court ordered Doe to file the documents necessary to bring this matter into proper form for the issuance and service of process on the defendants.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).