IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John Doe, | ) | C/A No. 3:18-161-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| University of South Carolina; Harris Pastides; | ) | |
| Alisa Leggett; Carl Wells; Dennis Pruitt, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, John Doe, filed this civil rights action on January 19, 2018. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Doe's Second Motion for Emergency Temporary Restraining Order and/or Preliminary Injunction. (ECF No. 13.) The court previously recommended that Doe's first motion for a temporary restraining order and/or Preliminary Injunction be denied. (ECF No. 10.)[1]

Doe alleges he is a citizen of Iran currently admitted to the United States pursuant to a student F-1 non-immigrant visa to attend the University of South Carolina ("the University"). (Mot. for TRO ¶¶ 2-3, ECF No. 4. at 1.) Doe alleges his legal status is linked to his matriculation at the University, and if he is no longer enrolled, he will be subject to deportation by the United States. (Id.) The court incorporates herein the summary of the allegations of the Complaint from its prior Report and Recommendation (ECF No. 10).

---

[1] The court also provided Plaintiff the opportunity to file the documents necessary to bring this case into proper form for the issuance and service of process. (ECF No. 11.)



In his first *ex parte* motion for a temporary restraining order, Doe sought to stay the University's suspension of Doe and other sanctions against him. Doe also sought to enjoin the University from reporting Doe's suspended status to the Department of Homeland Security. (Id., ECF No. 4 at 4.) The court recommended denying Doe's motion because he failed to satisfy the immediacy requirement in Federal Rules of Civil Procedure 65(b)(1). See Direx Israel, Ltd. v. Breakthrough Med. Crop., 952 F.2d 802, 812 (4th Cir. 1991) ("[T]he required 'irreparable harm' must be 'neither remote nor speculative, but actual and imminent.' ") (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 975 (2d. Cir. 1989)).

In his second *ex parte* motion, Doe alleges that the "level of irreparable harm against Doe has substantially increased" because the court's refusal to grant the motion will cause Doe's presence in the United States to be illegal. (2d Mot. for TRO, ECF No. 13 at 1.) Doe attaches to this motion an email from the Manager of Immigration Compliance in the University's International Student Services Office, dated the day before Doe originally filed this action, that indicates she terminated Doe's information in SEVIS on January 18, 2018 based on Doe's suspension. (Ex A., 2d Mot. for TRO, ECF No. 13-1 at 1-3). The email also indicates that once Doe's information is terminated in SEVIS, his student status is no longer valid and, pursuant to "immigration regulation," he "must leave the country immediately." (Id.)[2] However, Doe fails to show how his "level of irreparable harm has substantially increased" based on an email he received prior to filing this case. The only additional circumstance he identifies that has occurred since he filed his first motion is the court's recommended denial of his motion for a temporary restraining order.

---

[2] Doe further alleges that as a result of the suspension, the University has demanded that he drop all of his classes for the Spring (current) semester and that he has lost his job as a graduate teaching assistant in the chemistry department. (2d Mot. for TRO ¶¶ 17-29, ECF No. 13 at 4-6.)



Furthermore, in this motion, Doe asks the court to issue a temporary restraining order "enjoining Defendants to reinstate Plaintiff's SEVIS records and visa status which has been terminated on January 18, 2018, to maintain the status quo ante until this matter[] is heard in a preliminary injunction hearing." (2d Mot. for TRO, ECF No. 13 at 9.) Plaintiff also asks the court to enjoin the Defendants from requiring Plaintiff to drop all of his classes for the Spring semester. (Id.)

As discussed in the court's previous Report and Recommendation, a temporary restraining order should be restricted to serving the underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer. Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974). Federal Rule of Civil Procedure 65 provides that a court may issue a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). "The order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction and may be issued with or without notice to the adverse party." 11A Charles Allen Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2951 (3d ed.).

Moreover, courts have recognized that the consideration of Doe's likelihood of success on the merits is a factor when courts are considering a motion for a temporary restraining order. Id.



Here, Doe asks the court to require the defendants to reinstate his SEVIS records that were terminated on January 18, 2018, the day before Doe initially filed this matter. However, this would require the court to order affirmative and mandatory action of state officials. Such relief is not cognizable in this court. See Republic of Para. v. Allen, 134 F.3d 622, 627 (4th Cir. 1998) (stating a federal court may issue an injunction against state officials for prospective relief to remedy a ongoing violation of federal law, but a federal court may not entertain claims seeking retrospective relief); cf. Ex parte Young, 209 U.S. 123 (1908) (providing federal courts may issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law). Moreover, to the extent Doe seeks to compel a state official to perform a ministerial act with regard to his SEVIS records or class registration, mandamus relief is not available. In re Payne, 305 F. App'x 65, 66 (4th Cir. 2008) ("This court does not have jurisdiction to grant mandamus relief against state officials, or to review state court orders.") (citations omitted).

Also, the court again finds Doe fails to show that immediate and irreparable injury, loss, or damage will result before the defendants have an opportunity to be heard on this matter. Doe only alleges that ICE *may* decide to institute deportation proceedings against Doe and has made no showing that a warrant for removal has been issued or that deportation is otherwise likely before a hearing can be held with notice to the University. Thus, Doe fails to satisfy the immediacy requirement in Rule 65(b)(1). See Direx Israel, 952 F.2d at 812. Accordingly, Doe has failed to

meet Rule 65(b)'s standard for the issuance of a temporary restraining order without notice. Thus, to the extent his motion seeks an *ex parte* restraining order, it should be denied.[3]

## RECOMMENDATION

The court recommends that, to the extent it seeks an *ex parte* temporary restraining order under Rule 65(b), the plaintiff's motion be denied. (ECF No. 13.)

*Paige J. Gossett* (signature)
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 26, 2018
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] The court notes that it makes no findings as to the merits of Doe's underlying request for injunctive relief, and Doe's request for a preliminary injunction, which requires notice to the adverse party, remains unaddressed in this matter. By order issued January 22, 2018, the court ordered Doe to file signed Forms USM-285, which are necessary to bring this matter into proper form for the issuance and service of process on the defendants. (ECF No. 11.) By order contemporaneously filed herewith, the court has scheduled a hearing on the preliminary injunction motion, requiring notice to be given to the defendants.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).