IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John Doe, | ) | C/A No. 3:18-161-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| University of South Carolina; Harris Pastides; | ) | |
| Alisa Leggett; Carl Wells; Dennis Pruitt, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

      This is a civil action filed by a self-represented litigant.  Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**CONSTRUCTION OF THE PLEADING**:

      Having reviewed the Complaint and motion for preliminary relief in accordance with the applicable law, the court construes it as purporting to assert claims pursuant to:  42 U.SC. § 1983 for a violation of the Double Jeopardy Clause of Fifth Amendment, the Due Process Clause of the Fourteenth Amendment, and  Title IX, 20 U.S.C. § 1681(a); and state law causes of action for negligence, breach of contract, and intentional infliction of emotional distress.

      **No other claims are being construed by the court as having been raised by Plaintiff in this action at this time**.

**TO DEFENDANTS**:

      Defendants are directed to file an answer to the Complaint <u>and responses to the motions for preliminary injunction</u> or otherwise plead accordingly.

**TO THE CLERK OF COURT**:

      The Clerk of Court is directed to issue the summons and to forward copies of this order, the summons, the Complaint, the motions for preliminary relief, and the Forms USM-285 to the United States Marshal for service of process on the defendant.  The Clerk of Court shall calculate the 90-day period for service of process under Rule 4(m) from the date on which the summonses are issued.

*PJG*

Robinson v. Clipse, 602 F.3d 605, 608-09 (4th Cir. 2010) (tolling during initial review).  **A copy of this order must be provided to the United States Marshal.**

**TO THE UNITED STATES MARSHAL**:

The United States Marshal shall serve the above referenced documents on Defendant.  The time limit to accomplish service is governed by Rule 4(m) of the Federal Rules of Civil Procedure.  The 90-day limit established by Rule 4(m) will not run during the initial review of this case.  Therefore, the 90 days begins on the date on which the summonses are issued.

The United States Marshals Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified.  See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995)).  If the information provided by Plaintiff on the Form USM-285 is not sufficient for the Marshal to effect service of process, after reasonable investigative efforts have been made to locate a properly identified defendant, the Marshal should so note in the "Remarks" section at the bottom of the Form USM-285.

**TO PLAINTIFF**:

Plaintiff must provide, and is responsible for, information sufficient to identify the defendant on the Form USM-285.  The United States Marshal cannot serve an inadequately identified defendant.  **Unserved defendants may be dismissed as parties to this case if not served within the time limit governed by Rule 4(m) and this order.**

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, any documents filed subsequent to the initial pleading must be served on parties.  Unless otherwise ordered, service of subsequently filed documents on a defendant represented by an attorney is made on the attorney.  Service on attorneys who have made an appearance in this court is effected by the court's Electronic Case Filing system through a computer generated notice of electronic filing.  However, prior to the defendants' attorney making an appearance in this court, Plaintiff must serve the defendants with any documents Plaintiff files subsequent to the initial pleading and file a certificate of service that states who was served, what document was served, and how the document was served.

Plaintiff must place the civil action number listed above (C/A No. 3:18-161-TLW-PJG) on any document provided to the court pursuant to this order.  **Any future filings in this case must be sent to the address below: (901 Richland Street, Columbia, South Carolina 29201).**  All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting.  *Pro se* litigants shall *not* use the "s/typed name" format used in the Electronic Case Filing System.  In all future filings with this court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only, and not to write or type on both sides of any sheet of paper.  Plaintiff is further instructed not to write



to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

Plaintiff is a *pro se* litigant. Plaintiff's attention is directed to the following important notice:

You are ordered to always keep the Clerk of Court advised **in writing (901 Richland Street, Columbia, South Carolina 29201)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 31, 2018
Columbia, South Carolina

**Plaintiff's attention is directed to the important WARNING on the following page.**

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).