# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | |
|---|---|
| John Doe, ) | Civil Action No. 3:18-cv-00161-TLW-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **DEFENDANTS' MEMORANDUM IN** |
| ) | **OPPOSITION TO PLAINTIFF'S** |
| University of South Carolina, Harris ) | **MOTIONS FOR PRELIMINARY RELIEF** |
| Pastides, individually and as agent for ) | |
| the University of South Carolina, Alisa ) | |
| Liggett, individually and as agent for the ) | |
| University of South Carolina, Carl ) | |
| Wells, individually and as agent for the ) | |
| University of South Carolina, Dennis ) | |
| Pruitt, individually and as agent for the ) | |
| University of South Carolina, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## STATEMENT

All Defendants in this action submit this Memorandum in Opposition to Plaintiff's motions for preliminary relief, ECF Nos. 4 and 13. In filing the present Memorandum, Defendants do not waive, but expressly reserve, any and all defenses which they entitled to raise, including jurisdictional defenses.

Such service as was made on the Defendants in this action was made at approximately 10:45 a.m. on February 1, 2018, that is, the date of the present Memorandum. Undersigned counsel has accordingly had little time to prepare a response prior to the hearing scheduled for tomorrow, February 2, 2018, at 10:00 a.m. However, the Defendants' position is that the two Reports and Recommendations issued by the Court in this case, ECF No. 4 and 19, reached the correct result using correct reasoning. Simply put, on January 18, 2018, the day before this action was filed, USC terminated Plaintiff's

information in SEVIS. ECF No. 13-1 at 2-3. As the Court indicated, the relief Plaintiff now seeks is beyond the Court's authority, as discussed below.

In addition, and while this point only goes to the practicalities of the matter, Defendants would advise that USC has never "undone" a SEVIS termination absent some kind of clerical error or similar event that had led USC to do the SEVIS termination in error. Even then, the SEVIS termination was done only after the student's enrollment situation was cured, a situation not present here. In other words, there is nothing USC can do to change the present status quo. The appropriate departments of USC rendered decisions that were supported by evidence and that were conducted according to correct procedures. USC is not aware of any reasons why the final decisions of those departments should be changed, even assuming that USC had authority to change those decisions, a point which is by no means certain. At present, accordingly, Plaintiff's complaint lies with federal immigration authorities, and not with USC.

## ARGUMENT

The second Report and Recommendation concluded that there was little likelihood that Plaintiff would succeed on the merits, because requiring USC to reinstate his SEVIS records "would require the court to order affirmative and mandatory action of state officials," which relief "is not cognizable in this court. ECF No. 19 at 4, citing *Republic of Paraguay v. Allen*, 134 F.3d 622 (4th Cir. 1998). In that case, and in addition to the portions of it cited in the second Report and Recommendation, it was held that

> the only presently effective relief sought for the violations claimed and conceded is quintessentially retrospective: the voiding of a final state conviction and sentence. That this could be effectuated in an injunctive or declaratory decree directed at state officials does not alter the inescapable fact that its effect would be to undo accomplished state action and not to provide prospective relief against the continuation of the past violation.

134 F.3d at 628. Similarly, injunctive relief in the present case would require the voiding of a final USC student conduct decision and the resulting sanction. As a result, USC's decisions

regarding the Plaintiff's suspension were not the kind of ongoing violations of federal law that would empower a federal court to grant injunctive relief against state officials. Plaintiff seeks retrospective relief against a completed action by state officials, a kind of relief prohibited by the Eleventh Amendment. *Id.*, citing *Edelman v. Jordan*, 415 U.S. 651 (1974).

Even if this Eleventh Amendment bar did not apply, Plaintiff has made only a meager showing, at best, that he is likely to prevail on the merits. Ever since the Supreme Court decided *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), "the party seeking the preliminary injunction must demonstrate by 'a clear showing' that, among other things, it is likely to succeed on the merits at trial." *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345–46 (4th Cir. 2009), quoting *Winter.* Plaintiff makes only a cursory and conclusory argument on this point, citing only general due process principles in support of his claim on the merits. ECF No. 9 at 6-8. The essence of his claim appears to be a request that this Court re-weigh the evidence and/or the sanction at his student disciplinary hearing, but no authority on any specific point is cited. These grounds do not support a due process claim, and overall, the failure to cite pertinent authority and develop arguments based thereon amounts to falling well short of the "clear showing" requirement of *Winter.*

Defendants also agree with the Court's conclusion that if the relief sought is regarded as mandamus relief, that relief is also not available in a federal court. ECF No. 19 at 4, citing *In re Payne*, 305 F. Appx 65, 66 (4th Cir. 2008).

Finally, Defendants agree with the Court's conclusion that Plaintiff has failed to show immediate and irreparable injury. The Court so held in the first Report and Recommendation, and reiterated that conclusion in the Second Report and Recommendation. ECF No. 19 at 4, noting that "Doe only alleges that ICE *may* decide to institute deportation proceedings against

Doe and has made no showing that a warrant for removal has been issued or that deportation is otherwise likely before a hearing can be held with notice to the University." ECF No. 19 at 4 (emphasis in original). As of the time of this writing, Plaintiff has offered nothing additional that would indicate the likelihood of immediate injury.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that Plaintiff's motions for temporary relief should be denied.

Respectfully submitted,

DAVIDSON & LINDEMANN, P.A.

 *s/ Kenneth P. Woodington*
WILLIAM H. DAVIDSON, II, #425
KENNETH P. WOODINGTON, #4741
1611 Devonshire Drive, 2nd Floor
Post Office Box 8568
Columbia, South Carolina 29202
wdavidson@dml-law.com
kwoodington@dml-law.com
T: 803-806-8222
F: 803-806-8855

ATTORNEYS for Defendants

Columbia, South Carolina

February 1, 2018