# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | |
|---|---|
| John Doe, ) | Civil Action No. 3:18-cv-00161-TLW-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **SUPPLEMENT TO MEMORANDUM IN** |
| ) | **OPPOSITION TO PLAINTIFFS'** |
| University of South Carolina, Harris ) | **MOTIONS FOR PRELIMINARY RELIEF** |
| Pastides, individually and as agent for ) | |
| the University of South Carolina, Alisa ) | |
| Liggett, individually and as agent for the ) | |
| University of South Carolina, Carl ) | |
| Wells, individually and as agent for the ) | |
| University of South Carolina, Dennis ) | |
| Pruitt, individually and as agent for the ) | |
| University of South Carolina, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

In addition to the Memorandum in Opposition filed last evening, ECF No. 32, Defendants submit the following in order to complete the discussion of the applicable tests when preliminary relief is sought.

The tests were set forth by the Fourth Circuit in *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342 (4th Cir. 2009) as follows: "T]he plaintiff must establish '[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.'" 575 F.3d at 346, quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). *Real Truth* further holds that "each of [the four tests] must be satisfied as articulated." *Id.* at 347.

1

Defendants' prior memorandum discussed the first two elements. That memorandum expressed agreement with this Court's two Reports and Recommendations, which together held that Plaintiff had not satisfied either of those first two elements. The failure to satisfy either of those tests in connection with the TRO motion is similarly fatal to Plaintiff's ability to obtain a preliminary injunction.

To complete the discussion, it can be pointed out that the third and fourth tests, the balance of equities and the public interest, probably do not even need to be reached in light of Plaintiff's failure to satisfy either of the first two tests and in light of the need to satisfy each of the four tests. As the Fourth Circuit held in *Real Truth,* "balance-of-hardship test [as a primary test] may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit." 575 F.3d at 347. Indeed, Defendants would submit that the "balance of equities" test need not even be reached in the absence of a showing on the first two tests. *See, e.g., Di Biase v. SPX Corp.,* 872 F.3d 224, 236 (4th Cir. 2017)([g]iven . . . that Plaintiffs have not demonstrated a likelihood of success on the merits or irreparable harm, the balance of equities and the public interest are better served by allowing the underlying litigation proceed to a decision on the merits); *Williams v. Baltimore Cty. Gov't*, 696 F. App'x 105, 106 (4th Cir. 2017)(denial of preliminary injunction affirmed without discussion of the second, third or fourth tests where "the record supports the conclusion that Williams failed to demonstrate a clear likelihood of success on the merits or a clear right to the relief he seeks").

In any event, Plaintiff cannot satisfy the third and fourth tests. USC has found that Plaintiff was responsible for serious acts of sexual assault, offensive touching, and other dangerous behaviors, including physical abuse and other similar conduct that threatened or endangered the health or safety of another person. Such findings undoubtedly warranted the lengthy suspension imposed by USC. Federal immigration law provides that student visas are valid only as long as the student is actually enrolled. Taken together, these USC judicial findings and federal immigration policy point the balance of equities in favor of having the student suspended, with whatever consequences such

suspension has on his immigration status. The public interest in student safety and the prevention of serious acts of sexual misconduct is also served by the Court's declining to issue a preliminary injunction. Finally, of course, the SEVIS termination is a bell that cannot be unrung, making preliminary relief unavailable as a practical matter even if the Court had jurisdiction to award it, which the Court does not.

        Respectfully submitted,

        DAVIDSON & LINDEMANN, P.A.

        *BY:  s/ Kenneth P. Woodington*
        WILLIAM H. DAVIDSON, II, #425
        KENNETH P. WOODINGTON, Fed. I.D. No. 4741

        DAVIDSON & LINDEMANN, P.A.
        1611 DEVONSHIRE DRIVE, 2ND FLOOR
        POST OFFICE BOX 8568
        COLUMBIA, SOUTH CAROLINA 29202-8568
        kwoodington@dml-law.com
        T: 803-806-8222
        F: 803-806-8855
        ATTORNEYS for Defendants

Columbia, South Carolina

February 2, 2018