IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>                       Plaintiff,<br><br>-against-<br><br>UNIVERSITY OF SOUTH CAROLINA, HARRIS PASTIDES, individually and as agent for University of South Carolina, ALISA LIGGETT, individually and as agent for University of South Carolina, CARL WELLS, individually and as agent for University of South Carolina, DENNIS PRUITT, individually and as agent for University of South Carolina.<br><br>                       Defendants. | Civil Action No. 3:18-cv-161-TLW-PJG |

## PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL OF ALL CLAIMS AGAINST ALL DEFENDANTS AND MEMORANDOM OF LAW IN SUPPORT

Pursuant to Rule 41(a)(2) of Federal Rules of Civil Procedure, Plaintiff, John Doe, hereby seeks permission from the Court to dismiss all claims in this action against Defendants University of South Carolina, Harris Pastides, Alisa Liggett, Carl Wells and Dennis Pruitt. Since Defendants have already filed an answer to Plaintiff's complaint, permission from the Court is required for this action to be dismissed against Defendants.

## PROCEDURAL BACKGROUND

Plaintiff, pursuing this case *pro se*, brought this action against Defendants on January 19, 2018 seeking reinstatement of his visa status and stay of disciplinary sanctions against him. Subsequently, his motions for preliminary injunctions and/or restraining orders were denied by the Court. On May 15, 2018, Plaintiff served on Defendants his First Set of Interrogatories and Requests for Production of Documents which, in response, he received incomplete answers from Defendants. On July 23, 2018, Plaintiff moved this court for an extension of time to file motions prior to trial since he had not had time to plead any proper motions in accordance to the discovery responses.

Plaintiff has already suffered extreme mental and emotional anguish arose from false sexual misconduct allegations against him by Jane Roe during the adjudicative process at the University South Carolina in the fall of 2017. An adjudicative process which obligated Plaintiff to attend two full disciplinary hearings based on the same nexus of facts where he was found not responsible for most of the allegations against him in the former where his accuser failed to attend and was found fully responsible for all the allegations against him in the latter where his accuser appeared with counsel and was suspended until May 31, 2019 from his place of primary education and employment. Plaintiff is still struggling with the aftermath of such incidents as he has suffered extreme losses to his employment and student visa status in addition to his reputation and educational records.

Plaintiff has realized that reviewing of all those incidents and trying to prove his case before the Court only exacerbates his mental and emotional distress as he has to go through all the allegations and review the actions implemented by Jane Roe and the injustices incurred by Defendants against him. Plaintiff has found himself not able to plead any motions to prove his

case before the Court at this point due to the substantial distress that will be inflicted on him. After all, it is Plaintiff who is struggling with his expenses and basic financial needs, it is him who is required to obtain valid immigration status in the United States, it is him who has been suspended from university until May 31, 2019, and it is him whose reputation has been distorted within his community and among his peers in his place of employment.

Plaintiff's intention to dismiss this action against Defendants does not imply his regret to file this suit or his fear of losing at trial based on the merits of his case. Plaintiff has made this decision to prevent future emotional and mental distress by staying away from all the actions and inactions which led to his suspension from the university. All Plaintiff has decided to focus on is his return to the University of South Carolina after his suspension period is over on May 31, 2019 and obtaining legal immigration status prior to his attendance. Plaintiff has decided to move on from everything that happened in the past and focus on his future educational and occupational goals at this time. His primary goal is to return to his program at the University of South Carolina and obtain his PhD degree after his suspension period is over.

## ARGUMENT

Rule 41 of Federal Rules of Civil Procedure provides:

"VOLUNTARY DISMISSAL.

  (1) *By the Plaintiff.*

    (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

      (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

      (ii) a stipulation of dismissal signed by all parties who have appeared.

    (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based

on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice…"

As mentioned earlier in this memorandum, since Defendants have filed an answer to Plaintiff's complaint, voluntary dismissal of Plaintiff's claim is possible only with the discretion and permission from the Court. The dismissal of this lawsuit against all Defendants will not by any means be prejudicial against them. Whether to dismiss an action without prejudice under Rule 41(a)(2) remains in the discretion of the Court. *JRA Architects & Project Managers, P.S.C. v. First Fin. Grp., Inc.*, 375 F. App"x 42, 43 (1st Cir. 2010); *Doe v. Urohealth Sys. Inc.*, 216 F.3d 157, 160 (1st Cir. 2000); *Canadian Nat'l Ry. Co. v. Montreal, Me. & Atl. Ry., Inc.*, No. 1:10-cv-452-JAW, 2011 U.S. Dist. LEXIS 70425, *8 (D. Me. Jun. 30, 2011). The First Circuit stated that "the basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *P.R. Mar. Shipping Auth. v. Leith*, 668 F.2d 601, 604 (1st Cir. 1981) (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). As a general rule, a request for dismissal without prejudice should be granted "if no prejudicial effects would result for the opposing party." 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2364 (3d ed. 2008).

## COCLUSION

As mentioned above, Plaintiff respectfully seeks permission of this Court to voluntarily dismiss all of his claims against all Defendants in this action.

Date: August 23, 2018.

Columbia, South Carolina.

*Pro se* Plaintiff    Aug-23-2018

John Doe